**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NINA DESIGNS, LTD., | No. 25 CV 3171 |
| Plaintiff, | |
| - v - | **COMPLAINT** |
| BJORN'S COLORADO HONEY INC., | Jury Demand |
| Defendant. | |

### INTRODUCTION

1. This is an action for willful copyright infringement.

2. Plaintiff Nina Designs, Ltd. ("Nina Designs") creates and sells artistic jewelry in original designs inspired by nature. It owns registered copyrights in its works of art.

3. Defendant Bjorn's Colorado Honey Inc. ("Bjorn's") is an e-commerce and retail company that — over the course of years — purchased hundreds of thousands of dollars of Nina Designs' jewelry to resell to Bjorn's retail customers. In or about 2024, Bjorn's realized it could make more profit by taking Nina Designs' copyrighted works as its own. Rather than purchasing authentic Nina Designs' products, Bjorn's manufactured knockoffs and resold those infringing works through its website and retail stores. And because Bjorn's had now created its own infringing copies, at a lower cost, it ceased purchasing from Nina Designs altogether.

4. Nina Designs did not authorize Bjorn's to manufacture, sell, or display knockoffs of Nina Designs' original works of art ("Original Jewelry Designs"). Bjorn's actions therefore constitute copyright infringement under the Copyright Act.

5. In February 2025, Nina Designs, through counsel, asked Bjorn's to cease and desist from its unlawful conduct. Bjorn's refused; even today, infringing copies of Nina Designs' Original Jewelry Designs are displayed and available for purchase on the Bjorn's website.

6. Plaintiff therefore seeks damages, an injunction, and other appropriate relief.

## PARTIES

7. Plaintiff Nina Designs is a corporation formed under the laws of the State of California. It designs, manufactures, and sells jewelry through a variety of channels, including wholesale distributors and the Nina Designs wholesale website. Nina Designs also offers a selection of jewelry directly to consumers through e-commerce channels. Nina Designs conducts extensive business in this District.

8. Defendant Bjorn's is a corporation formed under the laws of the State of Colorado. Bjorn's infringed Plaintiff's rights under the Copyright Act by (among other things) reproducing, displaying, selling, and contracting to sell unauthorized copies of Plaintiff's Original Jewelry Designs to retail customers, including customers in this District.

9. Upon information and belief, other persons or entities whose identities are not yet known to Plaintiff engaged in and contributed to the unlawful conduct alleged in this Complaint. Plaintiff will seek leave of Court to assert claims against such persons or entities when they become known.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*

11. Venue is proper under 28 U.S.C. § 1400(a); alternatively, venue is proper under 28 U.S.C. § 1391(b).

12. This Court has personal jurisdiction over the Defendant because it transacts business in New York, including by marketing and offering for sale infringing copies of Plaintiff's Original Jewelry Designs to persons in New York; by contracting to sell and/or supply infringing copies of Plaintiff's Original Jewelry Designs to persons in New York; by distributing and delivering infringing copies of Plaintiff's Original Jewelry Designs to persons in New York; by engaging in infringing conduct injurious to Plaintiff's rights and intellectual property in New York; and by operating interactive websites and social media pages for use by and directed at consumers and other persons in New York.

13. Among other things, on March 15, 2025, Defendant Bjorn's contracted to sell and sold infringing works to Plaintiff's investigator in New York.

**FACTUAL ALLEGATIONS**

14. Ms. Nina Cooper, the founder of Nina Designs, is a jewelry innovator. She founded Nina Designs in California in 1983. Since then, Nina Designs has created and sold original works of art in a variety of materials, including sterling silver. The designs appeal to a broad spectrum of aesthetic preferences, and have achieved substantial commercial success over more than four decades.

15. Today, Plaintiff Nina Designs is well-known for creating high-quality jewelry, charms, pendants, and jewelry findings. Its products, available in materials including sterling silver, bronze, and 14k gold, start as hand-drawn sketches. They are then produced and distributed in a workplace inspired by core values — Creativity, Excellence, Respect, Teamwork, Initiative and Inspiration — and sourced through a fair-trade supply chain.

16. By building a business focused on making the world a better place — and by creating and commercializing unique and desirable original works of art — Plaintiff Nina

Designs has established extensive goodwill, earned a strong following among jewelry retailers and consumers, and earned substantial revenue.

17. Plaintiff Nina Designs markets and sells its products through its authorized retailers' stores, authorized retailers' ecommerce sites, wholesale channels, and its own website.

## NINA DESIGNS' REGISTERED COPYRIGHTS

18. Plaintiff Nina Designs is the author of at least 9 Original Jewelry Designs that have been and are being infringed by multiple products created and sold without authorization by the Defendant.

19. Each of the Original Jewelry Designs at issue is part of Nina Designs' "Bee & Flower" collection.

20. At all relevant times, Plaintiff Nina Designs complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured exclusive rights and privileges in and to the copyrights in the Original Jewelry Designs.

21. Nina Designs has registered copyright in each of the Original Jewelry Designs with the United States Copyright Office.

22. Copies of the Certificates of Registration for the Original Jewelry Designs are annexed to this Complaint as Exhibit A.

23. The chart below demonstrates Defendant Bjorn's infringing conduct by comparing images of Nina Designs' Original Jewelry Designs with infringing, near-exact copies created, displayed, offered for sale, and sold by Bjorn's without authorization:

| **Plaintiff's Original Works** | **Bjorn's Infringing Products** |
|---|---|
| <br>Reg. No. VA 2-263-532<br>Nina Designs SKU R68 | <br>Honeycomb |
| <br>Reg. Nos. VA 1-865-968 and VA 1-773-661<br>Nina Designs SKU S6287 | <br>Large Honeycomb & Bee |
| <br>Reg. No. VA 2-004-009<br>Nina Designs SKU A6284 | <br>Silver Charm with Etched Bee |

| Plaintiff's Original Works | Bjorn's Infringing Products |
|---|---|
| <br>Reg. No. VA 2-102-994<br>Nina Designs SKU A6012 | <br>Small Honeycomb & Bee |
| <br>Reg. No. VA 2-102-994<br>Nina Designs SKU R181 | <br>Vertical Honeycomb |
| <br>Reg. No. VA 2-238-205<br>Nina Designs SKU S6292 | <br>Silver Moon Phase Charm with Bronze Bee |

| **Plaintiff's Original Works** | **Bjorn's Infringing Products** |
|---|---|
|  Reg. No. VA 1-773-661<br>Nina Designs SKU S6291 |  Silver Hexagon Charm with Bronze Bee |
|  Reg. No. VA 2-431-385<br>Nina Designs SKU A6410 |  Triple Cherry Blossom with Bee |
|  Reg. No. VA 2-433-588<br>Nina Designs SKU A6412 |  Cherry Blossom Cluster with Bee |

## DEFENDANT'S INFRINGING CONDUCT

24. From in or about 2021 through early 2024, Defendant Bjorn's was a wholesale customer of Nina Designs. It purchased approximately 38,500 units of Nina Designs' Original Jewelry Designs — worth more than $345,000 — and resold them to Bjorn's customers.

25. In or about 2024, Bjorn's ceased to purchase articles of jewelry and jewelry parts from Nina Designs. It did not, however, cease to sell them. Nina Designs' Original Jewelry Designs remained available for sale on Bjorn's website and at its retail stores.

26. On information and belief, Defendant Bjorn's willfully set out to create unauthorized, infringing copies of Nina Designs' Original Jewelry Designs for the purpose of unlawfully increasing its profits at Nina Designs' expense.

27. Today, Bjorn's advertises and sells unauthorized jewelry products that infringe Nina Designs' exclusive rights in its Original Jewelry Designs by willfully and deliberately copying those Original Jewelry Designs for profit.

28. Defendant Bjorn's sells and offers for sale infringing articles of jewelry and jewelry parts (the "Infringing Products") copied from Plaintiff's Original Jewelry Designs, including on an e-commerce storefront available to the public at https://bjornscoloradohoney.com:



29.     Defendant Bjorn's did not license the Original Jewelry Designs from Plaintiff for use, remanufacture, sale, display, or any other purpose; and Defendant Bjorn's is not authorized to copy or display unauthorized copies of Plaintiff's work for any purpose.

30.     Defendant Bjorn's did not have Plaintiff's permission or consent to publish the Original Jewelry Designs on its website or to reproduce the Original Jewelry Designs for commercial sale.

31.     No one but Plaintiff is authorized to manufacture, import, export, advertise, offer for sale or sell Nina Designs' Original Jewelry Designs without Plaintiff's written permission.

32. Upon information and belief, Defendant Bjorn's has earned substantial revenues and profits as a result of Defendant's infringing and unlawful conduct, to which Defendant is not entitled.

### PRE-SUIT CORRESPONDENCE

33. By letter dated February 10, 2025, Plaintiff's counsel informed Defendant that its conduct constituted copyright infringement. Plaintiff requested that Defendant cease and desist further sales of unauthorized copies of the Original Jewelry Designs.

34. By response dated February 25, 2025, Defendant's counsel informed Plaintiff that it had "concluded that Bjorn['s] does not infringe [Nina Designs'] purported copyrights." It declined to cease sales of the infringing goods.

35. This action follows.

### FIRST CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

36. Plaintiff realleges each and every allegation contained in the foregoing paragraphs.

37. Defendant infringed Plaintiff's exclusive rights in the Original Jewelry Designs by reproducing and publicly displaying unauthorized copies of the Original Jewelry Designs, including on its website https://bjornscoloradohoney.com.

38. Defendant infringed Plaintiff's exclusive rights in the Original Jewelry Designs by reproducing, offering for sale, and selling unauthorized copies of the copyrighted Original Jewelry Designs.

39. Defendant is not and has never been licensed to reproduce, display, distribute or use Plaintiff's Original Jewelry Designs.

40. Defendant's conduct constitutes copyright infringement in violation of the Copyright Act, *e.g.*, 17 U.S.C. §§ 106 and 501.

41.     The foregoing acts of infringement are willful, intentional, and in knowing and deliberate disregard of Plaintiff's copyright.

42.     As a direct and proximate result of the foregoing acts of infringement, Plaintiff is entitled to damages. 17 U.S.C. § 504(b).

43.     Defendant's copyright infringement, and the threat of continuing infringement has caused, is causing, and will continue to cause Plaintiff irreparable injury. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of the Original Jewelry Designs, and all molds or such other mechanisms by which such infringing copies were produced, be seized, impounded and destroyed.

44.     Plaintiff is entitled to attorneys' fees and costs. 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

a.  For a judgment that Defendant has infringed Plaintiff's copyright in the Original Jewelry Designs;

b.  For an award of Plaintiff's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Original Jewelry Designs under 17 U.S.C. § 501(a);

c.  In the alternative to Plaintiff's actual damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to final judgment;

d.  For a temporary, preliminary and permanent injunction prohibiting Defendant or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or indirectly of such injunction from:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise dealing in infringing products including the Infringing Products;

      ii. secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise using infringing products including the Infringing Products;

      iii. instructing, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in the foregoing subparagraphs.

e. For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to Plaintiff for destruction any infringing products including the Infringing Products and any and all advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's copyrights or other rights;

f. For an order of the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and otherwise dealing in infringing products including the Infringing Products, including prejudgment interest;

g. For Plaintiff's reasonable attorneys' fees;

h. For all costs of suit; and

i. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

Dated: April 16, 2025
New York, New York

MULLEN P.C.

By: Wesley M. Mullen
Vincent R. FitzPatrick III
Martin J.E. Arms
745 Fifth Avenue, Ste. 500
New York, NY 10151
wmullen@mullenpc.com
vfitzpatrick@mullenpc.com
marms@mullenpc.com
(646) 632-3718

*Attorneys for Plaintiff Nina Designs, Ltd.*