UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NINA DESIGNS, LTD.,

                          Plaintiff,

        -against-

BJORN'S COLORADO HONEY INC.,

                          Defendant.

---

25-cv-3171(LAP)

OPINION AND ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Defendant Bjorn's Colorado Honey Inc. ("Bjorn's") moves to dismiss Plaintiff Nina Designs, LTD's. ("Nina") action for copyright and trademark infringement pursuant to Federal Rule of Civil Procedure 12(b)(6).  (See dkt. no. 14.)  For the reasons set out below, Defendant's motion to dismiss is DENIED.

**I.    Background**

**A. The Complaint**

In April 2025, Nina commenced this action.  (Dkt. no. 1.)  As the complaint alleges, Nina is a California corporation that creates and sells original, nature-inspired jewelry and holds registered copyrights for its designs.  (See dkt. no. 1 ¶¶ 2, 7.)  Nina creates high-quality jewelry crafted from materials such as sterling silver, bronze, and gold, made from hand-drawn sketches and produced through a fair-trade supply chain.  (See id. ¶¶ 14-

1

16.) The company sells through authorized retailers, wholesale partners, and its own website. (Id. ¶ 17.)

Bjorn's, based in Colorado, was a wholesale customer of Nina's from 2021 to 2024, and it purchased over $345,000 in products before ceasing purchases in 2024. (See id. ¶¶ 3, 8, 24). Thereafter, Bjorn's willfully created unauthorized infringing copies of Nina's "Bee & Flower" collection and sold them on its own website. (See id. ¶¶ 3, 18-19, 24-28).

A chart in the complaint compares nine of Plaintiff's original jewelry designs with Defendant's allegedly infringing products. (See id. ¶ 23.)

The first pairing involves Nina's "HONEYCOMB RING WITH BEE", (Reg. No. VA 2-263-532), a silver ring featuring a honeycomb band topped with a small bee. (Dkt. nos. 1 at 5, 1-1 at 7.) Bjorn's allegedly sold a nearly identical piece under the name "Honeycomb." (Dkt. no. 1 at 5.)

The second pairing stems from two registrations (Reg. Nos. VA 1-865-968 and VA 1-773-661). (See Dkt. nos. 1 at 5, 1-1 at 2-3.) This involves a large pendant (SKU S6287) showing a honeycomb structure with a detailed bee perched on it, which Bjorn's allegedly copied as its "Large Honeycomb & Bee." (Dkt. no. 1 at 5.)

The third pairing centers on a small hexagonal silver charm with an etched bee design (SKU A6284, Reg. No. VA 2-004-009), which

2

Bjorn's allegedly replicated as its "Silver Charm with Etched Bee." (Dkt. nos. 1 at 5, 1-1 at 4.)

The fourth and fifth pairings both draw from the same registration (Reg. No. VA 2-102-994). The fourth pairing is a small pendant (SKU A6012) depicting a bee resting atop a honeycomb cluster, which Bjorn's allegedly copied as its "Small Honeycomb & Bee." (Dkt. nos. 1 at 6, 1-1 at 5.) The fifth paring is a ring design (SKU R181) featuring a ring with honeycomb cluster set vertically with a bee on top, which Bjorn's allegedly copied as its "Vertical Honeycomb." (Dkt. no. 1 at 6.)

The sixth pairing involves a circular charm (SKU S6292, Reg. No. VA 2-238-205) with a bee at the center surrounded by "moon phase[s]," which Bjorn's allegedly copied as its "Silver Moon Phase Charm with Bronze Bee." (Dkt. nos. 1 at 6, 1-1 at 6.)

The seventh pairing, like the second pairing, utilizes the same registration (VA 1-773-661), this time for a hexagonal charm (SKU S6291) featuring a bee inside an open hexagon frame, which Bjorn's allegedly copied as its "Silver Hexagon Charm with Bronze Bee." (Dkt. nos. 1 at 5, 7, 1-1 at 2.)

The eighth and ninth pairings involve two floral designs. The eighth pairing is a pendant (SKU A6410, Reg. No. VA 2-431-385) showing "three cherry blossoms" arranged together with a small "detailed bee," which Bjorn's allegedly copied as its "Triple Cherry Blossom with Bee." (Dkt. nos. 1 at 7, 1-1 at 8.)

3

Finally, the ninth pairing is a cascading "Cherry Blossom Cluster with [a] Bee" (SKU A6412, Reg. No. VA 2-433-588), which Bjorn's allegedly copied as its "Cherry Blossom Cluster with Bee." (Dkt. nos. 1 at 7, 1-1 at 9.)

Nina did not license its jewelry designs to Bjorn's, and Bjorn's is not authorized to display or sell copies of Nina's jewelry designs. (Dkt. no. 1 at ¶¶ 29-30.)  Moreover, Nina sent Bjorn's a cease-and-desist letter in February 2025, but Bjorn's continued its infringing conduct, and the unauthorized products remain available for sale. (Id. ¶¶ 5, 34).

Nina seeks damages, injunctive relief, destruction of infringing goods, an accounting of profits, attorneys' fees, and other remedies. (Id. ¶¶ 6, 44.)

### B. Bjorn's Motion to Dismiss

In July 2025, Bjorn's moved to dismiss, (see dkt. no. 15), arguing as follows:

First, Nina failed to state a claim regarding three of the eight asserted registrations ('968, '661, and '009) because the deposit materials with the Copyright Office do not match the allegedly infringing products.  (Id. at 14-15).  Specifically, regarding the '968 registration, there are three problems: 1) the registration covers a collective catalog insert rather than individual jewelry designs, 2) Nina disclaimed the golden bee element during correspondence with the Copyright Office, leaving

4

only the silver honeycomb within the scope of the registration, and 3) the deposit never depicts the bee-and-honeycomb combination that Nina actually accuses Bjorn's of copying. (Id. at 17-19). Regarding the '661 registration, Bjorn's argues that the deposit shows only a single silver bee, yet Nina asserts it against two multi-element combination products. (Id. at 19-20). And for the '009 registration, the deposit shows a circular gold charm whereas the accused product is a hexagonal silver charm, which is a materially different design. (Id. at 20-21.)

Second, Bjorn's argues that all eight registrations are invalid because they protect nothing more than realistic depictions of natural subjects not eligible for copyright protection, since bees, honeycombs, and flowers are "ideas, first expressed by nature, [that] are the common heritage of humankind, and no artist may use copyright law to prevent others from depicting them." (Id. at 22 (citation omitted).)

Specifically, Bjorn's contends that the bee-and-honeycomb designs of the '968, '994, and '532 Registrations merely reflect biological reality rather than artistic innovation. (Id. at 24-29.) Bjorn's asserts that the standalone bee designs of the '661 and '009 Registrations are similarly dictated by the animal's natural anatomy. (Id. at 25-26.) Bjorn's argues that the cherry blossom designs of the '385 and '588 Registrations are unprotectable because "the concept of bees on flowers has been

5

integrated into well-known jewelry designs for thousands of years and is not a protectable idea." (Id. at 30-32.)  In addition, Bjorn's argues that the '205 Registration's moon phase charm fails because its elements are familiar natural symbols whose combination amounts to nothing more than a "garden-variety" configuration insufficient to warrant protection.  (Id. at 34.)

Nina opposed the motion to dismiss, arguing that Nina adequately pleads originality and that Nina's copyright registrations are valid. (Dkt. no. 18 at 12-29.) Bjorn's replied, reiterating its arguments in its motion. (Dkt. no. 19 at 2-13.)

## II.  Legal Standard

### A. Standard of a 12(b)(6) Motion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 570). That "standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks and citation omitted). Evaluating "whether a complaint states a plausible claim for

relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Consideration of a motion to dismiss requires the Court to accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." In re Terrorist Attacks on Sept. 11, 2001, 714 F.3d 118, 122 (2d Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

A court deciding a motion to dismiss under Rule 12(b)(6) "may review only a narrow universe of materials." Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016). This narrow universe includes the "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." Id. (internal citation omitted). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." United States ex rel. Foreman v. AECOM, 19 F.4th 85, 106 (2d Cir. 2021) (alterations and citation omitted).

### B. Elements of a Copyright Claim

To bring a successful claim for copyright infringement, the plaintiff must preliminarily establish valid ownership of the copyrighted work. See Castle Rock Ent., Inc. v. Carol Pub. Grp., Inc., 150 F.3d 132, 137 (2d Cir. 1998). Copyright registration is a prerequisite to bringing suit for infringement under the Copyright Act. See 17 U.S.C. § 411(a). "A certificate of registration from the U.S. Register of Copyrights constitutes prima facie evidence of the certificate holder's copyright ownership, as well as of the truth of the facts stated in the registration." BWP Media USA, Inc. v. Gossip Cop Media, Inc., 196 F. Supp. 3d 395, 401 (S.D.N.Y. 2016) (citing 17 U.S.C. § 410(c)). "While the Plaintiff bears the burden of proving copyright ownership, defendants - as the party challenging the validity of the copyright registration - have the burden of proving that the Copyright Registration is invalid." FameFlynet, Inc. v. Shoshanna Collection, LLC, 282 F. Supp. 3d 618, 623 (S.D.N.Y. 2017).

Thereafter, "[t]o establish a claim of copyright infringement, 'two elements must be proven: [1] ownership of a valid copyright, and [2] copying of constituent elements of the work that are original.'" Abdin v. CBS Broad. Inc., 971 F.3d 57, 66 (2d Cir. 2020) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). "To satisfy the second element, a plaintiff 'must demonstrate that: [1] the defendant has actually

copied the plaintiff's work; and [2] the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's [work]." Abdin, 971 F.3d at 66 (quoting Yurman Design, Inc. v. PAJ Inc., 262 F.3d 101, 110 (2d Cir. 2001)). As to the first prong of the copyright infringement analysis —— the defendant actually copied the plaintiff's work —— "a plaintiff may prove copying by direct evidence, or by showing that the defendant had access to the plaintiff's work and that the works are similar enough to support an inference that the defendant copied the plaintiff's work." A&E Television Networks, LLC v. Big Fish Ent., LLC, 2023 WL 4053871, at *6 (S.D.N.Y. June 16, 2023) (quotation marks and citation omitted).

Regarding the second prong of the infringement analysis —— whether the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work —— "questions of non-infringement have traditionally been reserved for the trier of fact. Nevertheless, where the court has before it all that is necessary to make a comparison of the works in question, it may rule on substantial similarity as a matter of law on a Rule 12(b)(6) motion to dismiss." Id. at *6.

### III. Analysis

#### A. The '968 Registration

Bjorn's attacks the '968 Registration on three bases: 1) the registration covers a collective catalog insert rather than individual jewelry designs, 2) Nina expressly disclaimed the golden bee element —— design GA1162 in the catalogue —— during correspondence with the Copyright Office, leaving only the silver honeycomb within the scope of the claim, and 3) the deposit never depicts the bee-and-honeycomb combination that Nina actually accuses Bjorn's of copying. (See dkt. no. 15 at 17-19.)  The Court is unconvinced and finds that Nina has plausibly pled infringement of the '968 Registration.

It is undisputed that the '998 Registration is for a "Catalog Insert" and its author is "Nina Designs Ltd."  (Dkt. no. 1-1 at 3.)  In addition, subsumed within the catalogue insert are designs for individually labeled jewelry of the Nina collection, all of which have a unique identifying number.  Specifically, the second and fourth page of the catalogue insert contains designs for a honey-bee pendant with the corresponding numbers "A1162" and "GA1162." (Dkt. no. 14-2 at 4, 6.)[1]  Moreover, each page of the

---

[1] The Court finds that Defendant's Exhibits A-I attached to its motion to dismiss, (dkt. no. 14), are either incorporated by reference or, alternatively, integral to the complaint and, thus, the Court considers them.  See United States ex rel. Foreman, 19 F.4th at 106.

catalogue insert says on the side of it, "All designs © 2012 Nina Designs Ltd." (Id. at 3-6.) Finally, of the approximately 140 designs within the catalogue insert, the '998 Registration excludes approximately 66 designs from the registration. (See dkt. no. 1-1 at 3 (listing exclusions).)

Defendant's first contention that the registration only covers a collective catalog insert but not the individual jewelry designs within the catalogue is unavailing. Indeed, "[s]everal judges of this Court have found that registration of a collective work satisfies the registration requirements for bringing an action for infringement of its constituent parts." E. Am. Trio Prods., Inc. v. Tang Elec. Corp., 97 F. Supp. 2d 395, 416 (S.D.N.Y.)(collecting cases).

Defendant's second contention that Nina expressly disclaimed the golden bee element —— design GA1162 in the catalogue —— during correspondence with the Copyright Office also fails. Bjorn's cites July 2013 correspondence between Nina and the Copyright Office —— discussing which items would receive copyright protection —— and Bjorn's notes that design GA1162 was not among the designs discussed. (Dkt. no. 15 at 17 (discussing dkt. no. 14-3 at 6-8).) However, the published '968 Certificate of Registration expressly excludes approximately 66 designs from the catalogue from the claim, and design GA1162 is not one of the excluded designs. (See dkt. nos. 1-1 at 3 (listing excluded designs), 14-2 at 3-6

11

(catalogue of designs).) Thus, the Court finds the '968 Registration is prima facie evidence of Nina's copyright ownership over the GA1162 design and that Bjorn's has not met its burden in proving that the registration is invalid. See BWP Media USA, Inc., 196 F. Supp. 3d at 401; FameFlynet, Inc., 282 F. Supp. 3d at 623. And, in any event, the catalogue also protects design A1162, a similar bee design to GA1162. (See dkt. no. 14-2 at 4.) Bjorn's does not challenge that design A1162 is protected and that it is relevant to Nina's claim.

Finally, Defendant's contention that the deposit never depicts the bee-and-honeycomb combination that Nina accuses Bjorn's of copying is belied by the law of this Circuit. Indeed, as the Court of Appeals has held, "we have disavowed any notion that we are required to dissect the works into their separate components, and compare only those elements which are in themselves copyrightable." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 66 (2d Cir. 2010) (citation omitted). Rather, Courts "are principally guided by comparing the contested design's total concept and overall feel with that of the allegedly infringed work." Id. And, regardless, Nina has pled ownership of a separate registration for the bee-and-honeycomb combination, which is the '994 Registration. (See dkt. nos. 1 at 6; 1-1 at 5; 14-6 at 2-3.)

### B. The '661 and '009 Registrations

Bjorn's also argues that the claims regarding the '661 and '009 Registrations fail because the accused Bjorn's designs do not match the designs Nina actually deposited with the Copyright Office. (Dkt. no. 15 at 19-21.) Specifically, Bjorn's asserts that the '661 Registration shows only a single silver bee, while one of the accused products shows a gold bee on silver honeycomb element and the other accused product shows a silver hexagon charm with a bronze bee. (See dkt. no. 1 at 5, 7 (discussing alleged '661 infringing products).) Bjorn's similarly argues that the '009 Registration features a polished gold charm with a distinctly etched bee, whereas the accused charm is silver.

While there are distinctions between the '661 and '009 Registration and the accused infringing products, that does not foreclose the possibility that infringement occurred. Indeed, "[i]t is commonplace that in comparing works for infringement purposes—whether we employ the traditional 'ordinary observer' test or the Folio Impressions 'more discerning' inquiry—we examine the works' 'total concept and feel.'" Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1003 (2d Cir. 1995) (citation omitted). For these reasons, and for the reasons set forth below,

13

the Court rejects Bjorn's arguments and finds that Nina has plausibly pled infringement of the '661 and '009 Registrations.

### C. Elements of Nature

Bjorn's also challenges the validity of the eight subject copyright registrations. Specifically, Bjorn's contends: 1) the bee-and-honeycomb designs of the '968, '994, and '532 Registrations merely reflect biological reality rather than artistic innovation; 2) the standalone bee designs of the '661 and '009 Registrations are similarly dictated by the animal's natural anatomy; 3) the cherry blossom designs of the '385 and '588 Registrations are unprotectable because "the concept of bees on flowers has been integrated into well-known jewelry designs for thousands of years and is not a protectable idea;" and 4) the '205 Registration's moon phase charm fails because its elements are familiar natural symbols whose combination amounts to nothing more than a "garden-variety" configuration, which is insufficient to warrant protection. (Dkt. no. 15 at 22-34). The Court finds that Bjorn's has not rebutted the prima facie presumption that the eight registrations are valid and the subject of the registrations are original.

More than 50 years ago the Court of Appeals held that a litigant "cannot, by obtaining a copyright upon one design of a turtle pin, exclude all others from manufacturing gold turtle pins on the ground that they are substantially similar in appearance."

14

Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co., 509 F.2d 64, 65 (2d Cir. 1974).  Similarly, "[a] jeweled bee pin is [] an 'idea' that defendants were free to copy."  Id.  Thus, in copyright cases where art imitates nature, Courts have looked as to whether there is a substantial similarity between the protected work and the allegedly infringing work.  Indeed, as the First Circuit held in a deer-sculpture infringement case, a litigant "cannot prohibit others from appropriating this idea; it can, however, prohibit any actual copying of its own version of a realistic-looking concrete deer."  Concrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 607 (1st Cir. 1988) (citation omitted).  Thus, the pertinent question is whether the plaintiff can "show substantial similarity, between works, in those features over which it exercised discretion while portraying" such as "pose, posture, and facial expression."  Id.

Of course, at the motion-to-dismiss stage, the Court must "draw[] all reasonable inferences in favor of the plaintiff."  Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt., 843 F.3d 561, 566 (2d Cir. 2016).  And "[a] certificate of copyright registration is prima facie evidence of ownership of a valid copyright, but the alleged infringer may rebut that presumption."  Scholz Design, Inc. v. Sard Custom Homes, LLC, 691 F.3d 182, 186 (citing 17 U.S.C. § 410(c).)  Furthermore, "[b]ecause originality of the author is a necessary condition to validity of the

15

copyright, it follows that a certificate of registration, properly obtained within the prescribed five-year period, constitutes prima facie evidence of the author's originality." 3 Nimmer on Copyright § 12.11 [B]. This is because, "the plaintiff should not ordinarily be forced in the first instance to prove all of the multitude of facts that underline the validity of the copyright unless the defendant, by effectively challenging them, shifts the burden of doing so to the plaintiff." Carol Barnhart Inc. v. Econ. Cover Corp., 773 F.2d 411, 414 (2d Cir. 1985) (citation omitted).

Accordingly, for the purposes of resolving Defendant's motion to dismiss, the Court finds that Nina has plausibly alleged that her eight registrations are valid and that there could be a substantial similarity between her protected jewelry designs and the allegedly infringing designs.

Specifically, Nina has plausibly alleged that the bee-and-honeycomb designs of the '968, '994, and '532 Registrations are substantially similar to Defendant's "Honeycomb," "Large Honeycomb & Bee," "Small Honeycomb & Bee," and "Vertical Honeycomb" designs. (See dkt. no. 1 at 5-6.) The layout of the honeycomb-hexagon pattern (A1147) shown in the '968 catalogue is nearly identical to the pattern in Defendant's "Large Honeycomb & Bee." In both designs, eleven hexagons are arranged unevenly across seven rows: the first row contains one hexagon; the second and third rows

16

contain two each; the fourth row contains one, partially obscured by the bee's right wing; the fifth and sixth rows contain two each; and the seventh row contains one. (See dkt. no. 1 at 5.)



Reg. Nos. VA 1-865-968 and VA 1-773-661
Nina Designs SKU S6287



Large Honeycomb & Bee [2]

Similarly, there is a near perfect match between the number of honeycomb hexagons, their alignment, and the placement of the bee in both the '532 and '994 products and their allegedly infringing counterparts.



Reg. No. VA 2-263-532
Nina Designs SKU R68



Honeycomb



Reg. No. VA 2-102-994
Nina Designs SKU R181



Vertical Honeycomb

---

[2] Photos are from the Complaint. (See dkt. no. 1 at 5-7.)

Nina has also plausibly alleged a substantial similarity between Nina's '205 Registration (the bee pendant with moon phases above it) and Defendant's "Silver Moon Phase Charm with Bronze Bee." Both pendants feature a brass or gold-colored bee positioned at the lower portion of the design. Above the bee, each pendant displays seven moon phases arranged in a semi-circular arc: beginning on the lower left with a waxing crescent, followed by a waxing half-moon and a waxing gibbous; at the top sits a full moon; and descending on the right side are a waning gibbous, a waning half-moon, and finally a waning crescent.





Reg. No. VA 2-238-205          Silver Moon Phase Charm with Bronze Bee
Nina Designs SKU S6292

Similarly, Nina has plausibly alleged Bjorn's infringed on her protected bee designs (the '661 and '009 Registrations) and protected cherry blossom designs (the '385 and '588 Registrations) by creating and selling substantially similar products. In other words, the Court finds that it is plausible that the specific bee design protected in Nina's '661 and '009 registration is substantially similar to the bees depicted in Defendant's "Silver

18

Charm with Etched Bee" and "Silver Hexagon Charm with Bronze Bee" products.  (See dkt. no. 1 at 5, 7.)  Similarly, the Court finds that it is plausible that the specific design protected in the '385 and '588 Registrations is substantially similar to Defendant's allegedly infringing "Triple Cherry Blossom with Bee" and "Cherry Blosom Cluster with Bee" products.  This is especially true after considering the placement of the bee and the arrangement of the cherry blossoms.



Reg. No. VA 2-431-385
Nina Designs SKU A6410



Triple Cherry Blossom with Bee



Reg. No. VA 2-433-588
Nina Designs SKU A6412



Cherry Blossom Cluster with Bee

Accordingly, the Court determines that the "questions of non-infringement" in this matter are best "reserved for the trier of fact" and it is not appropriate for the Court to rule on them as a matter of law in favor of Defendant in this instance. See A&E Television Networks, LLC, 2023 WL 4053871, at *6.

## IV.    Conclusion

For the forgoing reasons, Bjorn's motion to dismiss is DENIED. The Clerk of the Court shall close docket number 14.

Counsel shall confer and inform the Court by April 6, 2026, how they propose to proceed.

**SO ORDERED.**

Dated:    March 23, 2026
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge