**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NINA DESIGNS, LTD.,

                    Plaintiff,

            - vs -                                        No. 25 CV 3171 (LAP)

BJORN'S COLORADO HONEY INC.,

                    Defendant.

## PERMANENT INJUNCTION ON CONSENT

**WHEREAS**, this action was commenced on April 16, 2025 by the filing of a Complaint (ECF Doc. 1);

**WHEREAS**, in the Complaint, Plaintiff Nina Designs, Ltd. ("Plaintiff" or "Nina Designs") seeks injunctive relief and money damages against Bjorn's Colorado Honey Inc. ("Defendant" or "Bjorn's") for, *inter alia*, infringement of Plaintiff's rights in those certain Original Jewelry Designs identified in the Complaint (the "Works") by those certain allegedly infringing products identified in the Complaint (the "Accused Products") in violation of the Copyright Act;

**WHEREAS**, the parties desire to settle the controversy between them and have entered into a confidential settlement agreement (the "Settlement Agreement") for that purpose, which Settlement Agreement provides for the entry of a Permanent Injunction on consent and upon the terms set forth herein;

**WHEREAS,** the parties agree that the Settlement Agreement avoids the substantial uncertainty and risks involved with prolonged litigation, and also permits them to save litigation costs;

Page 1

**WHEREAS,** the Settlement Agreement will serve the public interest by saving judicial resources;

**WHEREAS,** this Permanent Injunction on Consent is a reasonable measure and is narrowly tailored to protect Plaintiff from future acts of infringement; and

**WHEREAS,** Bjorn's now stipulates and consents to this Permanent Injunction, to its prompt entry by the Court, and to each and every provision herein.

**NOW THEREFORE,** upon the consent of the parties hereto, it is HEREBY ORDERED AND DECREED:

1.    This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1338(a) because this claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*

2.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(a) and 1391(b).

3.    The balance of harms and the public interest favor issuance of a permanent injunction because an injunction will protect the Plaintiff and the public against harm, and because the benefit of the injunction outweighs any countervailing interest in infringing conduct.

4.    Plaintiff Nina Designs is the creator and exclusive owner of all rights, title, and interest in and to the Works which are registered with the United States Copyright Office;

5.    Plaintiff has alleged that, and contends that it would prove at trial or other hearing in this action, that (i) Defendant did not license the Works for use, remanufacture, sale, display, or any other purpose; (ii) Defendant is not authorized to copy or display unauthorized copies of the Works for any purpose; (iii) Defendant has infringed its rights in the Works; and (iv) the Works are the subject of valid and subsisting copyright registrations issued by the United States Copyright Office;

6.     Defendant denies all liability to Plaintiff; nevertheless, it wishes to resolve this matter and consents to the entry of this Permanent Injunction against it, without any admission other than as set forth herein;

7.     The parties waive the entry of further findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure;

8.     Defendant waives any and all right to an appeal from this Permanent Injunction;

9.     **IT IS HEREBY ORDERED**, upon the consent of all parties, sufficient cause being shown, and based upon the foregoing findings of fact and conclusions of law, that Defendant Bjorn's and its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with Defendant, as provided in Fed. R. Civ. P. 65(d)(2)(C), are hereby permanently restrained and enjoined from directly or indirectly engaging in any of the following acts or omissions:

    (a)     using the Works on, or in connection with the manufacture, distribution, advertising, promotion, offering for sale, or sale of the Works;

    (b)     using, displaying, reproducing or copying the Works on, or in connection with the manufacture, distribution, advertising, promotion, offering for sale, or sale of any goods;

    (c)     reproducing the Works or creating derivative works based on the Works without prior written consent of Plaintiff; and

    (d)     aiding, assisting or abetting any other individual or entity in doing any act prohibited by Paragraphs 9(a), (b) and (c).

10.    Defendant shall ensure that during any change in the leadership or management of Bjorn's, the new leaders and/or managers are notified of the existence of this Permanent Injunction.

11.    This Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns.

12.    If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper at law or equity in the event of such violation.

13.    Nothing in this Permanent Injunction shall preclude any party from asserting any claim or right in the event of a breach or claimed breach of the Settlement Agreement.

14.    The Court retains jurisdiction over this matter for the purposes of enforcing the terms of this Permanent Injunction and the Settlement Agreement.

15.    The Permanent Injunction shall remain in full force and effect until modified by further order of this Court.

*[Continued on following page]*

16.    This Permanent Injunction shall be deemed to have been served upon Plaintiff and

Defendant at the time of its execution and entry by the Court.

This _12_<sup>th</sup> day of May, 2026
New York, New York

SO ORDERED.

_____
Hon. Loretta A. Preska
United States District Judge

## CONSENT TO ENTRY

The parties hereby consent to the foregoing Permanent Injunction, and further consent to its entry
by the Court without further notice.

May 11, 2026

MULLEN, ARMS & FITZPATRICK LLP

By: _____
Wesley M. Mullen
745 Fifth Avenue, Suite 500
New York, NY 10151
(646) 632-3718
wmullen@mullenarms.com

*Counsel for Plaintiff*

May 11, 2026

ROD LAW LLC

By: _____
Roderick J. O'Dorisio
15804 W. 6th Ave.
Golden, CO 80401
(720) 985-7299
rod@rod.law

*Counsel for Defendant*

Page 5